1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    APPDYNAMICS, INC., et al.,              Case No.  14-cv-01945-VC
8                    Plaintiffs,
9          v.                                **ORDER RE DISCOVERY DISPUTES**
                                             Re: Dkt. Nos. 53, 67, and 69
10   CA, INC.,
11                   Defendant.
12
13         The motion to strike the claim for lost profits is denied.  However, CA must, by 5 p.m. on
14   February 20, 2015, disclose all customers it contends it lost as a result of AppDynamics' allegedly
15   unlawful conduct, and all salespeople who were responsible for, or significantly involved with, the
16   accounts or potential accounts of those customers.  In addition, by the same deadline, CA must
17   reach an agreement with AppDynamics about the appropriate search parameters for documents
18   relating to the customers that CA contends it lost to AppDynamics as a result of the alleged
19   unlawful conduct.  It is up to the parties to negotiate these parameters, but CA's proposal that the
20   search be limited to documents that contain the word "AppDynamics" is too narrow.  The fact
21   discovery cutoff relating to this issue is extended to April 10, 2015.
22         AppDynamics is ordered to provide the hardware and software needed to allow CA's
23   expert to perform a comparative analysis of the source code described in the February 13, 2015
24   discovery letter.  (Dkt. No. 67.)  CA must share with AppDynamics the raw data from the
25   resulting analysis.  The fact discovery cutoff relating to this issue is extended to April 10, 2015.
26   The deadline for taking the depositions of Bansal, Sunkara and Kamath is extended to April 10,
27   2015 as well.
28         CA must serve an amended answer to Interrogatory No. 6 which identifies with greater

United States District Court
Northern District of California

specificity the trade secrets it believes were stolen by the plaintiffs.  If CA later attempts to assert theft of a trade secret that cannot reasonably be discerned *by the Court* from the amended answer to Interrogatory No. 6, AppDynamics may move pretrial to prevent CA from asserting theft of that trade secret.  The amended answer to Interrogatory No. 6 is due by 5 p.m. on February 27, 2015, and must be supplemented promptly in response to any new information gained in discovery.

The parties must exchange privilege logs by no later than April 3, 2015 at 5 p.m.  The log must include all documents responsive to discovery requests in both this case and the patent infringement case, except that the parties may exclude categories of documents that are obviously not responsive in this case.

The deadline to complete mediation is extended to April 24, 2015.


**IT IS SO ORDERED**.

Dated: February 18, 2015

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California